UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TAMIKA K. WILLIAMS,

            Plaintiff,

    v.

UNFI GROCERS DISTRIBUTION, INC.,
et al.,

          Defendants.

No. 2:25-cv-3107 WBS SCR

ORDER RE: DEFENDANT'S MOTION
TO SET ASIDE

----oo0oo----

       Plaintiff originally filed this putative class action in the Superior Court of San Joaquin.  Thereafter defendants removed it to this court.  (Docket No. 1 at 2.)  On December 19, 2025, plaintiff filed a motion to remand.  (Docket No. 5.)  Defendants did not respond to that motion.  Accordingly, on February 10, 2025, this court granted plaintiff's motion to remand due to lack of opposition.  (Docket No. 9; see also L.R. 230(c) ("A failure to file a timely opposition may be construed by the Court as a non-opposition to the motion.").)  Defendants

1

now ask the court to set aside its February 10, 2025, remand order, on the grounds that their failure to oppose plaintiff's motion to remand constitutes "excusable neglect" under Fed. R. Civ. P. 60(b).  (Docket No. 10 at 5.)

It is well-established that "[r]elief under Rule 60(b) is . . . considered extraordinary and granted only in exceptional circumstances." Gen. Ins. Co. of Am. V. Corp. Control, Inc., No. 02-cv-1020 WBS PAN, 2005 WL 1592918, at *3 (E.D. Cal. June 27, 2005) (citing Sellers v. Mineta, 350 F. 3d 706, 716 (8th Cir. 2003); see also, e.g., Blacksher v. Pollard, No. 20-cv-9039 MCS JEM, 2021 WL 4459062, at *1 (C.D. Cal. July 10, 2021) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (citing Karraker v. Rent-A-Center, Inc., 411 F. 3d 831, 837 (7th Cir. 2005)); Lal v. California, 610 F. 3d 518, 524 (9th Cir. 2010) (Rule 60(b) is used "sparingly as an equitable remedy").  As both parties recognize, "the Ninth Circuit cases tend to analyze Rule 60(b) motions under the . . . rubric [of] excusable neglect."  (Docket Nos. 10 at 6; 12 at 6.)

In assessing whether neglect is excusable, courts look to the (1) danger of prejudice to the party opposing reconsideration; (2) length of the delay and its impact on judicial proceedings, (3) reason for the delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  "The third factor is the most important and does 'most of the work.'" Rahimi v. San Francisco Mun. Transportation Agency, No. 16-cv-2576 JST, 2017 WL 5665405, at *2 (N.D. Cal. Nov. 27, 2017),

2

aff'd, 745 F. App'x 789 (9th Cir. 2018) (internal citations omitted); see also Lucore v. Bank of New York Mellon, No. 16-cv-3099 AJB KSC, 2017 WL 1354798, at *4 (S.D. Cal. Apr. 13, 2017) ("The third factor under Pioneer is the most important factor in determining excusable neglect.").

Here, defendants' only excuse for failing to oppose plaintiff's motion is that they "did not realize that such a motion had been filed." (Docket No. 10 at 3.) Defendants say they missed the motion because their attorney of record was preoccupied with a trial in another case in the Los Angeles County Superior Court and consequently did not keep track of electronic court filings for this action. (Id.)

"That a heavy caseload generally does not represent excusable neglect is canon" in this circuit as well as other circuits. Hakim v. Federal Insurance Company, No. 2:19-cv-4219 VAP SSX, 2020 WL 3203091, at *4 (C.D. Cal. Mar. 24, 2020); see also, e.g., Rosengren v. SF Markets, LLC, No. 23-55666, 2024 WL 3041552, at *1 (9th Cir. June 18, 2024) ("The term excusable neglect is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case.") (internal citation and quotation marks omitted); Quaid v. Granet, No. 2:23-cv-6850 MRA JPR, 2024 WL 1743743, at *2 (C.D. Cal. Apr. 23, 2024) ("[A]s a general matter, being busy and having limited resources does not constitute excusable neglect.") (citing Pioneer and collecting cases); Knapp v. Evgeros, 322 F.R.D. 312, 320 (N.D. Ill. 2017) ("The Seventh Circuit has repeatedly held that 'neglect due to a busy schedule is not excusable.'") (collecting cases).

Defendants have thus failed to demonstrate excusable neglect.  The reason offered for the delay -- that defendants' attorney of record was too busy to monitor filings -- is "focused on professional difficulties" that were "squarely within [defendants'] control."  Rosengren, 2024 WL 3041552, at *1.  That the attorney of record was in trial does not relieve a firm of its independent obligation to track deadlines and respond to motions.  Trial is an ordinary feature of litigation practice and does not approach the "exceptional circumstance" that would warrant setting aside an order based on Rule 60.  See Augustus, 2025 WL 3050078, at *1.

Defendants have not shown any exceptional circumstances meriting relief under Rule 60(b).  It should be noted that remanding the action to the state court does not mean that defendants have lost this case.  It only means that by their failure to follow the rules of this court they have lost the right to proceed in this court and will have to defend the action in the state court from whence it came.

IT IS THEREFORE ORDERED that defendants' motion to set aside this court's remand order pursuant to Rule 60(b) (Docket No. 10) be, and the same hereby is, DENIED.

Dated:  April 7, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4